CITY COUNCILMAN — TRUSTEE OF PUBLIC TRUST WITH CITY AS BENEFICIARY — CONFLICT OF INTEREST Where a city councilman is also trustee of a public trust created pursuant to 60 O.S. 176 [60-176] et seq. (1976), with the city as the beneficiary of said trust, it would not constitute a conflict of interest for said trustee to accept employment with a contractor with whom the trust had previously contracted; provided, however, it would be a violation of the law for the trustee to accept said employment if, at the time he voted for the awarding of the construction contract, he knew he would thereafter be employed by said contractor. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Where a city councilman is also trustee of a public trust created pursuant to 60 O.S. 176 [60-176] et seq. (1976), with the city as the beneficiary of said trust, would it constitute a conflict of interest for said trustee to accept employment with a contractor with whom the trust had previously contracted ? While 60 O.S. 176 [60-176] et seq. (1976) does not contain any conflict of interest provisions, the Oklahoma Trust Act may be applicable. Title 60 O.S. 175.11 [60-175.11] (1971) of the Oklahoma Trust Act provides, in part: "No trustee shall directly or indirectly buy or sell any property for the trust from or to itself or an affiliate; or from or to a director, officer, or employee of such trustee or of an affiliate; or from or to himself, a relative, employer, partner, or other business associate; . . ." In Shipp v. Southeastern Oklahoma Industries Authority, Okl., 498 P.2d 1395 (1972), the Court had before it the question of a possible conflict of interest of trustees of a public trust. The question was raised because the trustees of said trust were also employees of a corporation that would be the biggest, single user of the trust's contemplated facilities and services. In answering this question, the Court cited 60 O.S. 175.11 [60-175.11] and made the following quote from Cobb, et al. v. Newman, et al., 201 Okl. 318,205 P.2d 858 (1949): "A person cannot legally purchase on his own account that which his duty or trust requires to sell on account of another, nor purchase on account of another that which he sells on his own account. He is not allowed to unite the two opposite positions of buyer and seller. In such situation the law will avoid the transaction at the instance of the cestui que trust even though the sale was without fraud, the property was sold for its full value and no actual injury to his interests is proven. Such sale, however, is not void but voidable only and where the cestui que trust assents to or acquiesces in such transaction the sale is valid and binding upon him." (Emphasis the court's) The Court further stated that: "We find nothing in 60 O.S. 175.11 [60-175.11], supra, or in the Cobb case, which would affect the validity of this trust or the instrument creating it. The petitioner's argument that the trust is void, or even voidable at the instance of the beneficiary, cannot be sustained. "The record before us does not indicate that these trustees' employer has purchased, or agreed to purchase, any of the proposed bonds. So, it appears that the same argument, if directed to the proposed sale of the bonds, could not be sustained. "The matter of the possible application of the cited statute or case to a lease of trust property, by these trustees in their beneficiary capacity, to their employer, or to any contract of any kind between these trustees, as such, to their employer, is not presented by the record before us." The court applied no conflict of interest law other than 60 O.S. 175.11 [60-175.11] to the facts presented in the case and no other conflict of interest law appears to be applicable to the facts you present. It is apparent from the provisions of 60 O.S. 175.11 [60-175.11] and the Court's decision construing same that the question of conflict of interest is determined at the time of the entering into of a contract. That is, the two opposite positions of buyer and seller must exist at the time the contract is entered into for the conflict of interest to come into being. It is apparent from the facts you relate that the prohibitions contained in 60 O.S. 175.11 [60-175.11] would not apply for reason that there was no conflict of interest existing at the time the trust entered into the construction contract with the contractor. If, however, it was understood at the time of the execution of said contract that the trustee in question would be employed by the contractor, said employment would not only constitute a conflict of interest but would also be in violation of the oath of office taken by said trustee. Article XV, Section 1 of the Oklahoma Constitution provides, in pertinent part: ". . . . I will not, knowingly, receive, directly or indirectly any money or other valuable thing, for the performance or non-performance of any act or duty pertaining to my office, other than the compensation allowed by law; . . ." It is apparent that the above quoted provision of the constitutional oath of office would be violated if the trustee in question voted for the awarding of the construction contract knowing that he would thereafter be employed by said contractor. No ruling is made in this opinion as to any possible conflict of interest that might arise at some future time as a result of said trustee being an employee of the contractor. It is possible that the trust indenture creating the trust in question may have conflict of interest provisions relating to trustees of the trust. Said indenture should be examined to ascertain its applicability to the facts you present. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Where a city councilman is also trustee of a public trust created pursuant to 60 O.S. 176 [60-176] et seq. (1976), with the city as the beneficiary of said trust, it would not constitute a conflict of interest for said trustee to accept employment with a contractor with whom the trust had previously contracted; provided, however, it would be a violation of the law for the trustee to accept said employment if, at the time he voted for the awarding of the construction contract, he knew he would thereafter be employed by said contractor. (MIKE D. MARTIN) (ksg)